## LEE WOODS v. THE STATE.

*No. 1068.  Decided June 10th, 1896.*

**1.  Threats to Take Life of Another—Evidence—Hearsay.**

On a trial for threatening to take the life of another, it was error for the court to permit a witness to testify, over objections, that he had heard other people say defendant had threatened the life of the prosecutor, but, that he, himself, had never heard any such threat. The evidence was hearsay and inadmissible.

**2.  Same—Reputation of Defendant—Opinion Evidence.**

On a trial for threatening to take the life of another, where a witness states that, he is not acquainted with the general reputation of the defendant, it is error to permit him to testify that, from his personal knowledge of defendant, he believed he was a dangerous man, and one likely to carry out any threat he might make. Such evidence was merely opinion evidence.

**3.  Same.**

Where a defendant has not put his reputation in issue, the State cannot do so.

**4.  Threats to Take Life—Evidence.**

On a trial for threatening to take the life of another, upon the issue as to whether the threats were seriously made, all the attendant circumstances, as well as defendant's motive or reason for desiring to take the life of the prosecutor, may be looked to.

APPEAL from the County Court of McLennan. Tried below before Hon. W. H. JENKINS, County Judge.

Appeal from a conviction for threatening to take the life of another; penalty, a fine of $100.

There is no statement of facts in the record. The matters pertaining to defendant's bills of exception are fully stated in the opinion.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of seriously threatening the life of Andy Walters, and fined $100, and he prosecutes this appeal. Appellant's first bill of exceptions recites that the State's witness, Frank McCune, testified that he had never heard any threat, but that he had heard other people say that the defendant had threatened the life of Andy Walters. Appellant objected to this testimony, upon the ground that it was purely hearsay, and because rumors of that character were calculated to prejudice the minds of the jury against the ap-

pellant. The court admitted the testimony. This testimony was clearly inadmissible, upon the grounds stated in the bill of exceptions. This testimony had a pertinent bearing upon the vital issue in the case, and evidently must have had a very serious bearing upon the minds of the jury. Appellant's second bill of exceptions was reserved to the action of the court in permitting the witness, Martin, to testify that the appellant was a dangerous man, by giving his opinion in regard to this matter; the witness having already stated that he did not know the general reputation of the appellant, in the community in which he lived, as to whether he was or was not a man calculated to carry out any threat that he might make. Appellant objected to the introduction of this witness' testimony, because the reputation of the defendant could not be thus proved, and because the testimony was calculated to prejudice the minds of the jurors against the appellant. The court qualified this bill in the following language, to-wit: "The witness testified that he was well acquainted with the defendant, but did not know his general reputation. The court then allowed him to answer as to his belief, from his personal knowledge of the man, as to whether he was likely to carry out any threat he might make." The reason given by the court for permitting this evidence to be introduced offers to our minds the very reason why it should have been excluded. The witness having stated that he was unacquainted with the general reputation of the defendant, he certainly would not then be permitted to give his own opinion. There is no statement of facts in the record. We are not aware whether appellant put his reputation in issue. If he did not, the State could not put this reputation in issue. Bearing upon the issue that the threats were seriously made, all the attendant circumstances could be looked to. Motive or a reason for desiring to kill the prosecutor could be looked to, also. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*